UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

In re: Donald James Preder and　　　　　　　　　　Case No. 18−21827−gmh
　　　　Katye Mlissa Preder,
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　Debtors
_____

TRUSTEE'S MOTION TO COMPROMISE CLAIM OF THE ESTATE REGARDING
PERSONAL INJURY LITIGATION
_____

　　　　Larry Liebzeit, the trustee of the above-named estate, moves the court for an order authorizing the compromise of the claim of the estate regarding personal injury litigation on the terms and for the reasons stated below, pursuant to Federal Rule of Bankruptcy Procedure 9019. The trustee moves the court for such authority assuming no objections to said compromise are timely filed.

1.　The debtors filed this bankruptcy proceeding on March 5, 2018. The §341 hearing was held April 18. 2018. The trustee administered a compromise regarding a non-perfected lien, timely filed claims were paid pro-rata and the case was closed. It was reopened [Doc 46] to administer non-scheduled personal injury litigation in North Dakota, which the debtor believed was part of his scheduled workman's compensation claim, but was actually a separate negligence matter. The trustee hired co-counsel in Wisconsin and North Dakota to continue the litigation [Doc 54].

2.　The District Court ordered mediation to be held in Minneapolis on November 26, 2019. That mediation resulted in a proposed settlement under which the Defendant would pay the sum of $650,000.00 within 30 days of an Order from this Court approving the settlement. Counsel indicates Donald Preder is aware of the terms of the settlement and will not object.

Larry Liebzeit, Trustee
4650 West Spencer Street
Appleton, WI 54914
Tel: 920-739-6307
Email: larry@liebzeitlaw.com

3. ANALYSIS OF PROPOSED COMPROMISE: Under the case of *In re American Reserve*, 841 F.2d 159 (7th Cir. 1987). Trustee analyzes the proposed compromise as follows:

   a. Comparison of the settlement terms with litigation, probable costs and probable benefits: The trustee will be receiving sufficient funds to pay the balance of the filed claims in full, with interest, the costs of administration, including trustee fees and expenses, and attorney fees and expenses. It is also believed that the State of North Dakota Workforce Safety & Insurance Organization (WSI) will be filing a subrogation claim of approximately $231,525.00.

   b. Alternatives to Compromise: Continue with the litigation with its costs and uncertainty. Defendant has raised multiple issues that will require substantial litigation.

   c. Litigation's Complexity and Attendant Expense: Will be substantially more costs beyond the $26,948.14 already incurred.

   d. Any inconvenience and Delay including possibility that disapproving settlement will cause wasting of assets: See above.

4. CREDITORS / CLAIMS FILED: See above. All filed will be paid in full.

5. The trustee requests an Order approving the Compromise, authorizing trustee to execute such releases as are appropriate and authorizing trustee to pay to the debtor the exempt amounts as set forth in the amended schedules upon the receipt of the funds by the trustee. The balance of the funds to be held until further Order of the Court.

The trustee reserves the right to withdraw from the proposed compromise should circumstances require. Requests for additional information should be directed to the trustee.

Dated this 8th day of January, 2020.

/s/_____
Larry Liebzeit, Trustee