UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In re:  Donald James Preder and            Case No. 18−21827−gmh
        Katye Mlissa Preder,
                                           Chapter 7
                Debtors
_____

TRUSTEE'S **AMENDED** MOTION TO COMPROMISE
CLAIM OF THE ESTATE REGARDING PERSONAL INJURY LITIGATION AND
TO PAY SUBROGATION CLAIM TO NORTH DAKOTA AND EXEMPTION TO DEBTOR
_____

Larry Liebzeit, the trustee of the above-named estate, moves the court for an order authorizing the compromise of the claim of the estate regarding personal injury litigation on the terms and for the reasons stated below, pursuant to Federal Rule of Bankruptcy Procedure 9019. The trustee moves the court for such authority assuming no objections to said compromise are timely filed.

1. The debtors filed this bankruptcy proceeding on March 5, 2018. The §341 hearing was held April 18. 2018. The trustee administered a compromise regarding a non-perfected lien, timely filed claims were paid pro-rata and the case was closed. It was reopened [Docket 46] to administer non-scheduled personal injury litigation in North Dakota, which the debtor believed was part of his scheduled workman's compensation claim, but was actually a separate negligence matter. The trustee hired co-counsel in Wisconsin and North Dakota to continue the litigation [Docket 54].

2. The District Court ordered mediation to be held in Minneapolis on November 26, 2019. That mediation resulted in a proposed settlement under which the Defendant would pay the sum of $650,000.00 within thirty (30) days of an Order from this Court approving the settlement.

Larry Liebzeit, Trustee
4650 West Spencer Street
Appleton, WI 54914
Tel: 920-739-6307
Email: larry@liebzeitlaw.com

Counsel indicates Donald Preder is aware of the terms of the settlement and will not object.

3. By North Dakota Statute, the North Dakota Workforce Safety & Insurance ("North Dakota") has a subrogation interest in the settlement amount of one-half of any third party recovery up to the total amount of the benefits paid or will be payable in the future. North Dakota has paid in excess of $460,000.00 in benefits, so its claim is capped at $325,000.00, provided certain conditions are met:

   a. The court must approve the settlement.

   b. The full settlement amount of $650,000.00 is paid, in this case, to the trustee.

   c. The subrogation amount of $325,000.00 is paid to North Dakota within 30 days of receipt of the funds.

4. If the above conditions are satisfied, North Dakota will pay a pro-rata share of the costs and attorney fees, as deemed allowable under the statute, directly to debtor's attorneys. In this case, those payments are one-half of the allowable statutory costs of $24,448.14 ($12,224.07) and attorney fees of one-fourth of the subrogation claim of $325,000.00 ($81,250.00) for a total of $93,474.07.

5. North Dakota will allow a netting of its subrogation claim, whereby $231,525.93 is paid by the trustee directly to North Dakota, $12,224.07 is paid by the trustee directly to Dickson Law Office for costs reimbursement, and $81,250.00 is paid by the trustee directly to Dickson Law Office ($56,875.00) and One Law Group, S.C. ($24,375.00).

6. If the subrogation claim in <u>not</u> paid to North Dakota within 30 days of receipt, then the state is <u>not</u> obligated to reimburse any of the costs or attorney fees <u>and</u> the subrogation claim is increased to the full amount of the recovery up to the full amount of benefits paid (including future benefits). It is possible that could be the entire settlement when future benefits are

figured in, as $460,000.00 in benefits have already been paid and the reminder of the settlement would be suspended in the event additional benefits become payable.

7. All costs and attorney fees paid directly to counsel by North Dakota will be considered as interim payments on their final fee applications.

8. ANALYSIS OF PROPOSED COMPROMISE: Under the case of *In re American Reserve*, 841 F.2d 159 (7th Cir. 1987). Trustee analyzes the proposed compromise as follows:

   a. Comparison of the settlement terms with litigation, probable costs and probable benefits: It appears that the trustee will be receiving sufficient funds to pay in full, or close to full, the balance on the filed claims and the costs of administration, including trustee fees and expenses and attorney fees and expenses.

   b. Alternatives to Compromise: Continue with the litigation with its costs and uncertainty. Defendant has raised multiple issues that will require substantial litigation.

   c. Litigation's Complexity and Attendant Expense: Will be substantially more costs beyond the $26,948.14 already incurred, of which $24,224.14 is eligible for reimbursement from the subrogation claim.

   d. Any inconvenience and Delay including possibility that disapproving settlement will cause wasting of assets: See 7.a. above.

9. CREDITORS / CLAIMS FILED: See above.

10. The trustee requests an Order approving the Compromise settlement of $650,000.00, authorizing the trustee to execute such releases as are appropriate, to pay to North Dakota its subrogation claim of $325,000.00 by paying North Dakota $231,525.93, Dickson Law Office $12,224.07 as subrogation reimbursement of costs, Dickson Law Office $56,875.00 and One Law Group $24,375.00 as subrogation reimbursement of attorney fees, and the debtor the

exempt amounts totaling $35,150.00 as set forth in the amended schedules, all within thirty (30) days of receipt of the funds by the trustee. The balance of the funds to be held until further Order of the Court.

The trustee reserves the right to withdraw from the proposed compromise should circumstances require. Requests for additional information should be directed to the trustee.

Dated this 4th day of March, 2020.  /s/_____
                                                                           Larry Liebzeit, Trustee